easeSCOTT A. EDELMAN, SBN 116927
SEdelman@gibsondunn.com
MICHAEL W. SEITZ, SBN 271136
MSeitz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Los Angeles, CA  90067-3026
Telephone:   310.552.8500
Facsimile:   310.551.8741

THEANE EVANGELIS KAPUR, SBN 243570
TKapur@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
BEvanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff,
CBS BROADCASTING INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| CBS Broadcasting Inc., | CASE NO. 2:12-cv-04073 GAF (JEMx) |
|---|---|
| Plaintiff, | **CBS'S RESPONSE TO DEFENDANTS' SECOND SUPPLEMENTAL MEMORANDUM "IN FURTHER SUPPORT OF JOINT STIPULATION AND DEFENDANTS' OPPOSITION TO CBS'S MOTION TO COMPEL ADDITIONAL DISCOVERY"; DECLARATION OF MICHAEL SEITZ** |
| v. | |
| American Broadcasting Companies Inc., et al., | |
| Defendants. | |
| | **Hearing:**<br>Date:      None set<br>Time:      None set<br>Place:     8th Floor, Ctrm C<br>Judge:    Hon. John E. McDermott |

Should the Court decide to accept Defendants' unauthorized second "supplemental" submission, CBS wishes to point out Defendants' blatant mischaracterizations of Judge Feess' June 21, 2012 Order (the "Order"), which is

Gibson, Dunn &
Crutcher LLP

1

attached hereto as Exhibit A to the Declaration of Michael Seitz.[1]

First, Defendants wrongly assert that Judge Feess did not "authorize[] further briefing for a preliminary injunction[] that would justify the expedited discovery." (Second Supp. Memo. at 1.)  To the contrary, Judge Feess expressly stated during the June 15, 2012 hearing that any order on the TRO or request for an Order to Show Cause regarding a preliminary injunction ("OSC") was "*without prejudice*" to CBS's ability to move for a preliminary injunction on a fuller record.  (Exh. B at 9:1-11 ("[T]he denial of the TRO is always without prejudice to the plaintiff upon further discovery to come back to the Court [on] an application for a preliminary injunction. So I'm not saying that this is done forever.")  While Judge Feess did deny CBS's application for a TRO or an OSC, the application was heard before *Glass House* aired. (The hearing was on Friday, June 15, 2012, and *Glass House* aired for the first time on Monday, June 18, 2012.)  And CBS anticipates being back before the Court on an application for injunctive relief on a fuller record.  As explained in the parties Joint Stipulation Regarding Additional Discovery Sought by CBS and CBS's Supplemental Memorandum, the expedited discovery CBS seeks it critical to any such application. After Monday, June 25, 2012, there will be only eight more weeks of *Glass House* left this season.  By suggesting CBS needs more evidence before it can move for a preliminary injunction (and by expressly acknowledging CBS's right to do so), Judge Feess' Order underscores the importance of the expedited discovery CBS seeks.

Second, the Order does not establish, as Defendants suggest, that there is "no justification under the copyright claim for the additional materials sought through

---

[1] Although it purports merely to "notify" this Court of Judge Feess' Order, Defendants' second supplemental memorandum offers pages of improper legal argument (without attaching the Order) in clear violation of the Local Rules.  Under Local Rule 37-2.3, Defendants were allowed to file only one supplemental memorandum in support of their portion of the parties' joint stipulation, which was not to exceed five pages and was due more than a week ago.  Defendants' filed their original five-page memorandum on June 15, 2012 (Dkt. 101, 106, 107), and are therefore prohibited from filing a second memorandum.  Defendants' second supplemental memorandum should be stricken for those reasons alone.

[CBS's] Request Nos. 1-4." (Second Supp. Mem. at 1-2.) In fact, Judge Feess expressly held that the documents CBS seeks are relevant to its claims. Specifically, the Order explains that "[r]elevant documents include[] all documents that contain any information regarding the creation, development and production of *Glass House*." (Exh. A at 16.) And in any event, CBS is not limited to the discovery of "relevant" materials, but instead may seek materials "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Proc. 26(b)(1).

Third, Defendants improperly attempt to use Judge Feess' denial of the TRO, made on the basis of a very limited record, to argue that CBS's trade secret designations fail to describe the processes at issue with the "reasonable particularity" required by California Code of Civil Procedure section 2019.210. (Second Supp. Mem. at 2.) The case law is clear that the "reasonable particularity" analysis under section 2019.210 should not devolve into "a miniature trial on the merits of a misappropriation claim" before discovery has taken place. *Perlan Therapeutics, Inc. v. Superior Ct.*, 178 Cal. App. 4th 1333, 1346 (2009). What matters for discovery purposes is whether Defendants and the Court understand the trade secrets at issue, not whether (based only on the current record) CBS has conclusively established that the processes at issue are all trade secret protected. As evidenced by the TRO proceedings, CBS has met the reasonable particularity standard. Defendants have been able to argue extensively against, and Judge Feess was able to evaluate, the merits of each of the trade secrets identified by CBS (and apparently Defendants had no problem identifying the trade secrets in order to search for them on the internet and present multiple declarations about them). (*E.g.* Dkt. 53-1, 53-2, 69-1, 69-4, 69-8.) The TRO decision was made "without prejudice" to further preliminary injunction proceedings, and the Court expressly contemplated that CBS would "come back to the Court [on] an application for a preliminary injunction" after "further discovery" (Exh. B at 9:7-12). But those further proceedings will certainly be prejudiced if there is no further discovery until *Glass House* has run its course.

Fourth, Judge Feess entered a preservation order "[i]n light of [the] continuing uncertainty as to the preservation of evidence relating to this action." (Exh. A at 16.) Defendants' attempt to spin this holding into a reason to deny expedited discovery is without merit. Defendant Kenny Rosen already admitted to deleting relevant emails after the litigation was filed and while he was already under a legal obligation to preserve them. Judge Feess' preservation order was not in lieu of any expedited discovery pending before the Magistrate. Moreover, Judge Feess' acknowledgement of the uncertainty regarding Defendants' preservation of evidence, and of Defendants' history of destroying evidence they have a legal obligation to preserve, is only further reason to order Defendants to produce the evidence forthwith.

CBS therefore respectfully requests that the motion to compel be granted in its entirety.

Dated: June 25, 2012

SCOTT A. EDELMAN
THEANE EVANGELIS KAPUR
BLAINE H. EVANSON
MICHAEL W. SEITZ
GIBSON, DUNN & CRUTCHER LLP


By: _____/s/ Scott A. Edelman_____
Scott A. Edelman
Attorneys for CBS Broadcasting Inc.

# DECLARATION OF MICHAEL SEITZ

I, Michael Seitz, declare as follows:

1. I am an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel to Plaintiff CBS Broadcasting Inc. ("CBS") in this action. I submit this declaration in support of CBS's Response To Defendants' Improper Second Supplemental Memorandum "In Further Support Of Joint Stipulation And Defendants' Opposition To CBS's Motion To Compel Additional Discovery". If called as a witness in this action, I could and would testify competently to the matters set forth herein.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Order Re: Application For Temporary Restraining Order issued by Judge Feess in this action on June 21, 2012.

3. Attached hereto as **Exhibit B** is a true and correct copy of an excerpted portion of the transcript from the June 15, 2012 hearing on CBS's Application for a TRO and OSC regarding a preliminary injunction.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this Declaration was executed on this 25th day of June 2012, at Los Angeles, California.

                                        /s/ Michael Seitz
                                        Michael Seitz