UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4073-GAF (JEMx) | Date | June 26, 2012 |
|---|---|---|---|
| Title | CBS BROADCASTING INC. v. AMERICAN BROADCASTING COMPANIES, INC., et al. | | |

| Present: The Honorable | John E. McDermott, United States Magistrate Judge | |
|---|---|---|
| S. Anthony | | |
| Deputy Clerk | Court Reporter / Recorder | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF CBS BROADCASTING INC.'S MOTION AND JOINT STIPULATION REGARDING ADDITIONAL DISCOVERY SOUGHT BY CBS (Docket Nos. 65, 108)**

CBS Broadcasting, Inc.'s Motion to Compel Discovery on an Expedited Basis is DENIED.

On May 10, 2012, CBS filed suit to enjoin the broadcast of *The Glass House* reality TV show of American Broadcasting Companies, Inc. ("ABC"), which was set to air on June 18, 2012. CBS alleged *The Glass House* is derived from and based on CBS's long time reality show *Big Brother*. CBS asserted claims for copyright infringement, trade secret misappropriation, unfair competition, breach of contract, inducing breach of contract, breach of fiduciary duty, inducing breach of fiduciary duty, conversion, conspiracy, and aiding and abetting.

To aid an intended, but as of then unfiled, motion for preliminary injunction, CBS sought expedited discovery before the Rule 26(f) conference. On June 1, 2012, this Court held a telephonic hearing on CBS's *ex parte* application for an expedited discovery schedule. Defendant agreed to produce the most recent documents to show the anticipated elements of *The Glass House*. Defendant also agreed to a deposition of Executive Producer Kenneth Rosen on June 3, limited to copyright issues. This Court declined to rule on the trade secret discovery issues on an *ex parte* basis and ordered the parties to agree on a schedule for briefing CBS's motion to compel responses to four document requests. The parties agreed to a briefing schedule to be completed by June 15. The Court specifically inquired of CBS whether it was prepared to stand on its 14 trade secret disclosures for purposes of its motion. Significantly, CBS committed that it was.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4073-GAF (JEMx) | | Date | **June 26, 2012** |
|---|---|---|---|---|
| Title | **CBS BROADCASTING INC. v. AMERICAN BROADCASTING COMPANIES, INC., et al.** | | | |

Based on the Rosen deposition and the material turned over by ABC, CBS did not wait for a ruling on its document requests, but filed an application for a temporary restraining order on June 7 with the District Judge. A TRO hearing was held on June 15, 2012. Judge Feess's tentative ruling was to deny the TRO. On June 21, Judge Feess issued a formal order denying CBS's TRO application. The Court ruled that success on the merits at trial was unlikely. Order at 2. The Court found CBS is unlikely to prove that *The Glass House* misappropriated protectable elements of *Big Brother* under the copyright substantial similarity test. Order at 2. It also found that "Big Brother's alleged trade secrets were either already known in the business (banks of monitors in multi-camera productions), were readily capable of "reverse engineering" based on information disclosed in the public domain (e.g., camera angles), or were not adequately protected as trade secrets (e.g., tours of the master Control Room)." Order at 2. The District Court ruled that CBS failed to prove it would suffer immediate and irreparable injury and that the balance of the equities favored ABC. Order at 2. The District Court also denied CBS's request for an OSC for a preliminary injunction. Order at 16.

In view of the District Court's ruling, there is no basis for expedited discovery. The District Court had before it everything that is before this Court on the pending discovery motion, including CBS's expert report of Jeffrey Rovin purporting to show infringement based on Rosen's deposition testimony. At the June 15, 2012, TRO hearing, CBS sought a TRO to allow time for expedited discovery (see Tr. 26:22-27:1, 48:9-14) and also sought an OSC so CBS can return to the Court on a fuller record for a preliminary injunction. (Tr. 48:15-18.) The Court denied the TRO and the OSC request. Order at 16. CBS, of course, is entitled to pursue discovery in the ordinary course to bolster its claims but in view of the District Court's TRO Order there is no justification for doing so on an expedited basis. The District Court said at the June 15 hearing that the TRO denial was without prejudice to a later motion for preliminary injunction based on further discovery (Tr. 9:1-11), but neither this statement nor the Order are endorsements of expedited discovery.

CBS's Motion to Compel, moreover, was directed at trade secret discovery. CBS, however, is not entitled to trade secret discovery under California Code of Civil Procedure Section 2019.210 until it identifies its alleged trade secrets with "reasonable particularity." Trade secrets are defined as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4073-GAF (JEMx) | Date | June 26, 2012 |
|---|---|---|---|
| Title | CBS BROADCASTING INC. v. AMERICAN BROADCASTING COMPANIES, INC., et al. | | |

independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) [i]s the result of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d). In a claim for trade secret misappropriation, the plaintiff must demonstrate: (1) ownership of a trade secret, (2) that the defendant acquired disclosed or used plaintiff's trade secret through improper means, and (3) that the defendant's actions damaged the plaintiff. Cal. Civil Code § 3426.1(b); Sargent Fletcher, Inc. v. Able Corp., 110 Cal. App. 4th 1658, 1665 (2003).

CBS has made repeated attempts to satisfy Section 2019.210, culminating in its 14 alleged trade secrets that not only serve as the basis for this motion but also were the basis of its TRO application. The District Court in its Order stated that "[o]n the basis of the record currently before it, the Court entertains serious doubt as to CBS's ability to demonstrate either [1] that the purported trade secrets listed qualify for protection; or [2] that Defendants are actively misappropriating any such secrets." Order at 13. More specifically, the District Court ruled that, as to two CBS *Big Brother* documents consulted by ABC (Trade Secret No. 1), "at least at this stage of the litigation, CBS has not offered anything resembling an adequate explanation as to how the material contained in either of these documents constitute trade secrets." Order at 13. As to remaining filming, editing and production techniques claimed as trade secrets (Trade Secrets 2-14), "The Court has no basis on which to find either ownership or misappropriation." Order at 14. The District Court also noted that these techniques are commonplace in the industry, and CBS bears the burden to demonstrate their uniqueness. Order at 14. Again, in its initial summary, the District Court found that the evidence before it indicates that CBS's alleged trade secrets either were already known in the business, were readily capable of reverse engineering, and were not adequately protected as trade secrets. Order at 2. These rulings both reject CBS's proffered trade secret designations, and even if those designations could be said to meet Section 2019.210, CBS has not established the ownership and misappropriation elements of Cal. Civ. Code § 3426.1. and further did not establish irreparable injury to warrant injunctive relief, making expedited discovery inappropriate. CBS may wish to sharpen its trade secret disclosure now that it has the benefit of the District Court's Order. However, CBS's next attempt must be its last. See Art of Living Foundation v. Does 1-10, 2012 WL 1565281, at *23 (N.D. Cal. May 1, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4073-GAF (JEMx) | Date | **June 26, 2012** |
|---|---|---|---|
| Title | **CBS BROADCASTING INC. v. AMERICAN BROADCASTING COMPANIES, INC., et al.** | | |

  CBS argues that responses to its four document requests should be compelled based on other claims (conversion and unfair competition), but these claims are factually dependent on the same misappropriation allegations and thus also subject to Section 2019.210. Advanced Modular Sputtering, Inc. v. Superior Court, 132 Cal. App. 4th 826, 835 (2005). Indeed, the claims may be preempted. K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.., 171 Cal. App. 4th 939, 958 (2009). In any event, these claims do not warrant expedited discovery in view of the District Court's Order that CBS cannot show irreparable injury from the alleged misappropriation.

  This Court also need not address CBS's spoliation argument. The District Court specifically addressed that issue by issuing a preservation order. Order at 16. ABC claims the deleted emails can be recovered, and presumably CBS will be able to obtain them through regular discovery.

  CBS also inserted into its Motion to Compel a new dispute about questions Mr. Rosen did not answer at his deposition based on advice of counsel. As there was no meet and confer as required by Local Rule 37-1, this issue is not properly before the Court. Additionally, in an effort to resolve the dispute, ABC has offered to provide a verified written interrogatory from Mr. Rosen stating the date on which Mr. Friedman transmitted the typed-up Guest Manual to in-house counsel and how Mr. Rosen used the manual, if at all, on *The Glass House*. The Court will not order ABC to do so at this point because CBS is not entitled to expedited discovery. Nonetheless, the Court suggests that ABC do so, and if that does not resolve the dispute, then CBS can present a regularly scheduled motion to compel after meeting and conferring, subsequent to the Rule 26(f) scheduling conference.

cc: Parties

                              _____ : _____
                      Initials of Deputy Clerk   sa