LINK: 125

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-04073 GAF (JEMx) | Date | July 5, 2012 |
|---|---|---|---|
| Title | CBS Broadcasting, Inc. v. American Broadcasting Companies, Inc. et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Chris Silva for Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          **(In Chambers)**

## ORDER RE: APPLICATION TO FILE UNDER SEAL

        The Court is in receipt of Defendants' application to file documents under seal in connection with their pending motion to dismiss.  (Docket No. 125.)  Pursuant to Local Rule 79-5.1, Defendants apply to file under seal certain non-disclosure agreements ("NDAs") between Plaintiff CBS Broadcasting, Inc. ("CBS") and its former employees.  Although the NDAs were labeled as "confidential" when produced by CBS, Defendants "believe that CBS's claim of confidentiality is without merit [because] [t]he NDAs were not originally stamped [as such] when they were executed, there is no term in the agreements stating that the agreements themselves are to remain confidential, and CBS even recited material terms of the NDAs in its own publicly filed complaint."  (App. at 2.)

        The public has a "general right to inspect and copy public records and documents, including judicial records and documents."  Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978).  "[B]ecause the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events," Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006), "[t]hose who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."  Id. at 1180; see also Pintos v. Pacific Creditors Ass'n, 504 F.3d 792, 801–02 (9th Cir. 2007).  The burden is on the party seeking to have documents remain under seal to present "articulable facts" identifying the interests favoring secrecy and to show that these interests overcome the presumption of public access.  See Kamakana, 447 F.3d at 1181; Pintos, 504 F.3d at 801.

---

**LINK: 125**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-04073 GAF (JEMx) | Date | July 5, 2012 |
|---|---|---|---|
| Title | CBS Broadcasting, Inc. v. American Broadcasting Companies, Inc. et al. | | |

CBS is hereby **ORDERED** to submit a reply to this Order by **the close of business on Monday, July 9, 2012**, not to exceed three (3) pages in length, explaining why the NDAs meet the "compelling reasons" standard discussed above, or stipulating to the filing of these documents on the public docket.  **Failure to file a reply will be deemed consent to the filing of the NDAs on the public docket.**


        **IT IS SO ORDERED.**